UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DESHAWN A. RAY,<br><br>    Defendant. | No. 2:11-cr-00216-MCE<br><br><br>**ORDER** |

Presently before the Court are Defendant's Motion to Dismiss Indictment (ECF No. 183) and Amended Motion to Dismiss Indictment (ECF No. 186),[1] which the Government opposes (ECF No. 188). Defendant asks that the Government and the Court "provide the proof of Territorial Jurisdiction – proof that these crimes happened within a Federal Enclave." ECF No. 183 at 1. According to Defendant, "Title 40 United States Code Section 3112 Paragraph 'C' creates a presumption Against Territorial Jurisdiction which must be overcome by the Government with Admissible Evidence that the State of California has ceded criminal jurisdiction and the Federal Government has accepted Jurisdiction into the Public Record." Id. at 2. Defendant argues that "[t]he

---

[1] The Motions to Dismiss are substantively the same, and the Court cites to both motions here. Defendant also filed a Motion for 60-Day Extension of Time to File Motions (ECF No. 189). That motion is DENIED without prejudice for failure to serve the Government pursuant to Federal Rule of Criminal Procedure 49(a) and Local Rule 400(b). Defendant was specifically advised of the service requirement when two of his prior motions were stricken for the same reason. See ECF No. 185.

1

Government has never proven that these Crimes happened within a Federal Enclave to overcome the presumption of 40 USC 3112 against Territorial Jurisdiction." Id. at 3.  He thus concludes that "the Court must vacate [his] verdict, dismiss [his] indictment with prejudice, surpress [*sic*] and seal the illegally obtained evidence – evidence obtained beyond jurisdiction." Id. Defendant asks for an immediate hearing and, if the motion is denied, for a "Detailed, written ruling to facilitate meaningful appellate review." ECF No. 186 at 3.

As the Court previously advised Defendant when he attempted to make this same motion orally on the record, for all the reasons set forth in the Government's opposition, his arguments are completely and utterly without merit.  Jurisdiction was conclusively established in this case.  Defendants' Motions to Dismiss Indictment (ECF Nos. 183 and 186) and Motion for an Extension of Time (ECF No. 189) are DENIED.[2]

IT IS SO ORDERED.

Dated:  March 13, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Court is compelled, given Defendant's vehement pursuit of a motion that is so clearly off base and his continued failure to properly serve the Government, to emphatically remind Defendant that he is entitled to representation.  When Defendant requested to proceed in propria persona, the Court strongly encouraged Defendant to exercise his right to counsel.  The Court reiterates again that Defendant should consider exercising that right.