BENJAMIN B. WAGNER
United States Attorney
MATTHEW G. MORRIS
BRIAN A. FOGERTY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:11-CR-216-MCE |
| Plaintiff, | STIPULATION AND ORDER REGARDING LIMITED WAIVER OF ATTORNEY CLIENT PRIVILEGE |
| v. | |
| DESHAWN A. RAY, | |
| Defendant. | |

The parties, by and through the undersigned attorneys, stipulate that:

1. The defendant has filed a motion for a new trial under Federal Rule of Criminal Procedure 33, alleging that his trial counsel was ineffective. ECF 223. In support of that motion, the defendant executed a declaration under penalty of perjury, which was attached as Exhibit A to the motion.

2. In the declaration, the defendant states, *inter alia*:

- "Mr. Engel interviewed me prior to my first court appearance after my arraignment in the cafeteria of the federal building."
- "Mr. Engel convinced me that he had experience in federal cases and he could defend me properly."
- "After being hired, I only met with Mr. Engel when we had a court date."
- "The only communication over the phone was to confirm court dates or for him to collect payment from me."

STIPULATION AND ORDER                                  1

- "During our initial meeting/interview, I requested that Mr. Engel interview two potential defense witnesses.  From the time I hired Mr. Engel to the time I fired Mr. Engel, he conducted no defense investigation on my behalf.  Mr. Engel's failure to conduct any investigation denied me the opportunity to devise any defense strategy, including whether to testify or not."
- "Mr. Engel never interviewed the prosecution witnesses or went over their interview statements with me."
- "Mr. Engel never gave me discovery from the case or advised me of the evidence against me."
- "Mr. Engel never prepared me for trial."
- "In approximately February 2013 at [a] debriefing, the AUSA presented Mr. Engel with a plea deal of approximately 6 years. … After the meeting Mr. Engel and I spoke in the elevator and he said that they offered me a deal but he also said, 'we're not going to take it because they offered you the same amount of time you would get if they found you guilty at trial so we're going to trial.' … At no time during or after either of [two] debriefings did Mr. Engel go over the sentencing guidelines with me to make sure that I understood the plea agreement offered by the government."
- "By Mr. Engel's failure to interview the prosecution witnesses and failure to go over their interview statements with me, also by not disclosing the discovery in my case with me or advising me of the evidence against me, Mr. Engel subsequently never prepared me for trial.  Mr. Engel's lack of due diligence as far as information gathering, reviewing evidence, and communication with me resulted in my lack of trial readiness.  Mr. Engel's lack of preparation and forcing me to testify without ever meeting with me prior to trial to go over strategy caused me to be unprepared when I did testify per Mr. Engel's request.  Being unprepared is the main reason I did not want to testify.  I felt like Mr. Engel made me testify because he did not have a strategy because of his lack of preparation."
- "Mr. Engel sent me an email approximately one month before trial alerting me that he had legal issues of his own. … He assured me that this was minor and would not get in

STIPULATION AND ORDER

2

the way of him representing me fully.  Mr. Engel also advised me that [we] were close to trial and replacing him would drag the case out further, it would cost more money to pay another attorney and that he knows the case better than anybody could because he's been there from the beginning."

- "Mr. Engel advised me on 12/10/14 not to show up to court the next day until he called me. … After the Judge's decision to take me into custody, Mr. Engel stated to me that he was sorry and takes full responsibility for me being detained."

- "[R]ight after the Judge denied the continuance, I asked Mr. Engel how come he didn't just say he wasn't ready because it doesn't seem like he is.  He told me he was ready but he had other cases on calendar for the week of 12/8 plus I wanted to finish school before the trial so I accepted his answer.  From 12/4/14 to 12/8/14 I did not hear from Mr. Engel to discuss strategy or preparation for the upcoming trial."

- "Mr. Engel never asked for exculpatory evidence from the prosecution."

3. Former counsel's ethical obligations would normally prevent him from divulging to the government the confidences and secrets of the client, even if it were to defend himself from allegations of ineffective assistance.  California Rule of Professional Conduct 3-100; American Bar Association, Formal Opinion 10-456 (July 14, 2010).

4. On August 26, 2015, the undersigned government attorney informed the defense that he had spoken by phone with the former trial counsel, Mr. Engel, and was told by Mr. Engel that he does not believe that his ethical obligations to the defendant would permit him to discuss the allegations in the defendant's declaration unless the defendant gives his informed consent to a limited waiver and the Court entered an order to that effect.

5. On August 27, 2015, the undersigned defense attorney informed the government that the defendant has agreed to stipulate to a limited waiver of the former trial attorney's obligations to preserve his secrets and confidences, limited to the subjects contained in the bullet points in Paragraph 2 above, and that he is giving his informed consent to that limited waiver.

6. The parties stipulate and agree that the Court should sign the attached Proposed Order, which would acknowledge the defendant's informed consent and limited waiver, and which would order

STIPULATION AND ORDER  3

1 | former defense attorney Engel to respond to government inquiries and requests to inspect and copy
2 | documents or records related to the subjects covered by the limited waiver.

Dated: August 28, 2015

BENJAMIN B. WAGNER
United States Attorney

By: /s/ MATTHEW G. MORRIS
MATTHEW G. MORRIS
BRIAN A. FOGERTY
Assistant United States Attorneys

Dated: August 28, 2015

By: /s/ SCOTT TEDMON
SCOTT TEDMON
Attorney for Deshawn Ray

Dated:

DESHAWN RAY

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>        v.<br><br>DESHAWN A. RAY,<br><br>             Defendant. | CASE NO.  2:11-CR-216-MCE<br><br>ORDER REGARDING LIMITED WAIVER OF ATTORNEY CLIENT PRIVILEGE |

Good cause appearing, upon showing that the defendant has given his informed consent, the Court **ORDERS**:

1. That the professional obligations of attorney Julius Engel to protect the secrets and confidences of the defendant from disclosure to the government are waived, subject to the limits contained in this order.

2. That the waiver is restricted in scope to information known to Mr. Engel, or documents and records in his possession, that are relevant to the truth or falsity of the following factual assertions made by the defendant in his declaration in support of a motion for a new trial:

- "Mr. Engel interviewed me prior to my first court appearance after my arraignment in the cafeteria of the federal building."
- "Mr. Engel convinced me that he had experience in federal cases and he could defend me properly."
- "After being hired, I only met with Mr. Engel when we had a court date."
- "The only communication over the phone was to confirm court dates or for him to collect payment from me."
- "During our initial meeting/interview, I requested that Mr. Engel interview two potential defense witnesses.  From the time I hired Mr. Engel to the time I fired Mr. Engel, he conducted no defense investigation on my behalf.  Mr. Engel's failure to conduct any investigation denied me the opportunity to devise any defense strategy, including whether

to testify or not."

- "Mr. Engel never interviewed the prosecution witnesses or went over their interview statements with me."
- "Mr. Engel never gave me discovery from the case or advised me of the evidence against me."
- "Mr. Engel never prepared me for trial."
- "In approximately February 2013 at [a] debriefing, the AUSA presented Mr. Engel with a plea deal of approximately 6 years. … After the meeting Mr. Engel and I spoke in the elevator and he said that they offered me a deal but he also said, 'we're not going to take it because they offered you the same amount of time you would get if they found you guilty at trial so we're going to trial.' … At no time during or after either of [two] debriefings did Mr. Engel go over the sentencing guidelines with me to make sure that I understood the plea agreement offered by the government."
- "By Mr. Engel's failure to interview the prosecution witnesses and failure to go over their interview statements with me, also by not disclosing the discovery in my case with me or advising me of the evidence against me, Mr. Engel subsequently never prepared me for trial. Mr. Engel's lack of due diligence as far as information gathering, reviewing evidence, and communication with me resulted in my lack of trial readiness. Mr. Engel's lack of preparation and forcing me to testify without ever meeting with me prior to trial to go over strategy caused me to be unprepared when I did testify per Mr. Engel's request. Being unprepared is the main reason I did not want to testify. I felt like Mr. Engel made me testify because he did not have a strategy because of his lack of preparation."
- "Mr. Engel sent me an email approximately one month before trial alerting me that he had legal issues of his own. … He assured me that this was minor and would not get in the way of him representing me fully. Mr. Engel also advised me that [we] were close to trial and replacing him would drag the case out further, it would cost more money to pay another attorney and that he knows the case better than anybody could because he's been there from the beginning."

- "Mr. Engel advised me on 12/10/14 not to show up to court the next day until he called me. … After the Judge's decision to take me into custody, Mr. Engel stated to me that he was sorry and takes full responsibility for me being detained."

- "[R]ight after the Judge denied the continuance, I asked Mr. Engel how come he didn't just say he wasn't ready because it doesn't seem like he is.  He told me he was ready but he had other cases on calendar for the week of 12/8 plus I wanted to finish school before the trial so I accepted his answer.  From 12/4/14 to 12/8/14 I did not hear from Mr. Engel to discuss strategy or preparation for the upcoming trial."

- "Mr. Engel never asked for exculpatory evidence from the prosecution."

3.  That Mr. Engel is ordered to meet with government attorneys in this case and respond, within the scope of the waiver in Paragraph 2 of this order, to requests for information from the government. This includes: (a) answering questions posed by the government attorneys; (b) providing documents and records for inspection and copying; (c) providing a declaration or affidavit if requested; and (d) making himself available to testify at an evidentiary hearing if such a hearing is scheduled by the Court.

IT IS SO ORDERED.

Dated:  August 31, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT