UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DESHAWN A. RAY,<br><br>Defendant. | No. 2:11-CR-00216-MCE<br><br>**STATEMENT OF REASONS** |

Defendant Deshawn Ray ("Defendant") proceeded to trial on a Second Superseding Indictment charging him with: (1) one count of Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §§ 1344, 1349; (2) two counts of Bank Fraud in violation of 18 U.S.C. § 1344; (3) and one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1). ECF No. 73. On December 11, 2014, the jury found Defendant guilty on all counts, and the Court remanded him into the custody of the United States Marshal. ECF No. 151, 156. The Court denied Defendant's subsequent Motion for New Trial, ECF Nos. 223, 255, and Defendant appealed. Defendant thereafter filed a Motion for Bail Review and Release Pending Appeal, ECF No. 311, which this Court denied as well, ECF No. 317. This case is now back before this Court on limited remand from the Ninth Circuit Court of Appeals for "explanation of the reasons for the denial of appellant's motion for bail pending appeal." ECF No. 318 at 1. That

1

explanation follows.

    To grant bail pending appeal under the Bail Reform Act, the Court must find:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b)(1)(B).

    This Court was required to make a similar inquiry when the Government moved for Defendant's immediate remand after the jury rendered its verdict. After hearing from defense counsel and from Defendant once more himself, the Court concluded:

> My assessment of this case right now is that the evidence that was presented by the Government over the last three days was overwhelming as to what the guilt was of Mr. Ray. Between the pictures, the demonstrative evidence, the exhibits that were provided, it was overwhelming.
>
> And, again, I listened to what was said yesterday, and it was incredible, I think, to listen to it. And that's why I'm not certain that I can believe what I'm hearing at this point in time, Mr. Ray. Because I sat here and watched you for an hour and a half, and I listened to everything that was said. And based upon the evidence that had been presented, it just was incredible.
>
> So for you to tell me at this point in time that you believe that I should trust you and listen to you, that you're telling me the

> truth, you would have been better off if you hadn't said a word yesterday. Much better off.
>
> And I'm not penalizing you for exercising your constitutional right. Those others that were involved in this conspiracy decided to plead. They pled out early, and, as such, the Court does not have all of the time to listen and evaluate the statements that were given.
>
> And, quite frankly, the statements that were provided by your co-conspirators, two that were in custody, were far more believable than what I heard yesterday.
>
> And after giving this some additional thought, I just don't believe that I can feel that the Court can trust you at this time. I'm ordering remand immediately.

ECF No. 236 at 5-6. Although Defendant attempted to assure the Court that he would adhere to the Court's directives to appear and that he would not run, given the extent to which Defendant appeared to have offered borderline perjured testimony at trial, the Court had no faith in the sincerity of his promises. Coupled with the fact that Defendant had also failed to follow the Court's orders to stay within fifteen minutes of the courthouse during jury deliberations, the Court determined that Defendant had failed to show by clear and convincing evidence that he did not present a flight risk. The Court's conclusion remained the same when Defendant moved for bail pending appeal.

In fact, by the time Defendant filed the Motion for Bail Review, the Court was even less convinced that Defendant would appear as ordered. This is because Defendant had in the interim spent a period of time representing himself, during which time he filed multiple frivolous motions and notices with the Court challenging the Court's jurisdiction over him and its authority to order him to pay restitution. See, e.g., ECF Nos. 179, 183, 186, 200, 304, 305, 308. Defendant's repeated challenges to the Court's authority further undermined his argument that he could be trusted to follow Court orders and to self-surrender when directed post-appeal. Given these developments, Defendant again failed to show by clear and convincing evidence that he would not flee.

Finally, although the foregoing was sufficient by itself to deny Defendant's Motion, the Court also determined that Defendant failed to raise on appeal a "substantial

question of law or fact likely to result in (i) reversal, [or] (ii) an order for a new trial." 18 U.S.C. § 3143(b)(1)(B). In its Opposition, the Government clearly articulated the multiple reasons this conclusion is proper, and the Court adopts its arguments in their entirety here. ECF No. 314 at 7-11.[1]

Dated: August 30, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] Defendant's appellate sentencing arguments do not support release pending appeal in any event because even if those arguments were accepted, Defendant's reduced sentence would extend beyond the length of the appellate proceedings.

4