UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>DESHAWN A. RAY,<br><br>        Defendant. | No. 2:11-CR-00216-MCE<br><br><br><br>**ORDER** |

    Defendant Deshawn A. Ray ("Defendant") was convicted after a jury trial of the following: (1) Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1344 and 18 U.S.C. § 1349; (2) two counts of Bank Fraud in violation of 18 U.S.C. § 1344; and (3) Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1). He was sentenced on February 21, 2019, to one hundred and forty-five (145) months of imprisonment and was ordered to pay $191,891.24 in restitution. Presently before the Court is Defendant's Motion to Vacate and/or Reduce Sentence. ECF No. 378. The Government opposes Defendant's request. ECF No. 382. For the reasons that follow, his Motion is DENIED.

    Defendant, whose current estimated release date is March 28, 2025, contends that "extraordinary and compelling circumstances" exist such that his sentence should be reduced immediately to time served. More specifically, according to Defendant, he is at an elevated risk of suffering serious long-term effects should he contract COVID-19 due

1

to his obesity, childhood asthma, and hypertension. ECF No. 378 at 11. In addition, Defendant contends that "as . . . a 48-year-old male of African-American heritage with a history of smoking, his risk is quite possibly even greater." Id. at 24. The Court is not convinced that Defendant's medical issues are sufficient to justify compassionate release, but even if they were, which the Court does not decide, Defendant's release would be inappropriate.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original; quoting 18 U.S.C. § 3582(b)). Those circumstances are delineated in 18 U.S.C. § 3582(c). "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated administrative procedures, to file a motion with the district court for compassionate release." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). That statute now provides:

> **(c) Modification of an imposed term of imprisonment**.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .

///

2

>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley, 2020 WL 1819838, at *5. "The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement." Id. (footnote omitted).

The starting point for the policy statement referenced in the third prong is United States Sentencing Guidelines ("USSG") § 1B1.13, which provides:

>[T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
>(1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
>(B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
>(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>(3) The reduction is consistent with this policy statement.

Since Defendant is less than 70 years old and was not sentenced pursuant to 18 U.S.C. § 3559(c), he is only "entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the

3

safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that "extraordinary and compelling reasons" exist when:

> (A) Medical Condition of the Defendant.
>
> . . . .
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis added).

Here, Defendant contends he suffers from serious physical or medical conditions that make him particularly vulnerable to COVID-19 such that he qualifies for release. The burden is on Defendant. United States v. Holden, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020). He has not met that burden here.

After considering all of the circumstances of this case, including the factors under 18 U.S.C. § 3553(a), the Court agrees with the Government that, even assuming Defendant's medical conditions are sufficient to qualify him for consideration for release, such release would be inappropriate both under § 3553(a) and because Defendant remains a danger to the community.

As explained by the Government:

> Ray led (not just took part in) a multi-year, multi-state scheme that attempted to steal millions of dollars by stealing the identities (and the money) of bank customers, a scheme

> which this Court previously found to be unusually sophisticated. At trial, he made a willful decision to obstruct justice by making material lies in the course of his testimony. He now asks the Court to believe that he will not only stop financially victimizing the community, but that he will comply with society's need for its members to voluntarily take increased measures to stop the spread of the novel SARS coronavirus through social distancing and avoiding unnecessary personal interactions. Ray's history shows that he cannot be so trusted. To the contrary, when his words have not been filtered through attorneys, he has even challenged the jurisdiction of this Court to enforce the federal criminal laws contained in Title 18.

ECF No. 382 at 13. Given the foregoing, Defendant has not demonstrated he is no longer a danger to the community.

Moreover, Defendant's sentence was sufficient but not greater than necessary to meet the purposes of § 3553(a). He nonetheless seeks release when he has only served around half of that sentence and when he still owes an extraordinary amount of restitution. His Motion simply presents no sufficient justification for disturbing the Court's carefully crafted original sentence. Having found that Defendant is a danger to the community and having considered all of the factors set forth in § 3553(a), the Court thus concludes that release would be inappropriate. Defendant's Motion for Compassionate Release (ECF No. 378) is DENIED.

IT IS SO ORDERED.

Dated:  December 30, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE