HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant
DESHAWN A. RAY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DESHAWN A. RAY,<br><br>Defendant. | Nos. 2:11-cr-00216-JAM-KJN-1<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge: The Honorable JOHN A. MENDEZ |

Defendant, DESHAWN A. RAY, by and through his attorney, Assistant Federal Defender David M. Porter, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:[1]

    1.    Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

    2.    The United States Sentencing Commission recently amended the Sentencing

---

[1] Defendant's counsel enters into this stipulation after having examined the pertinent documents including the presentence report, statement of reasons, and judgment, and conferring with the defendant and/or his trial counsel. Defendant's projected release date is March 28, 2024.

Stipulation and Order Re: Sentence Reduction     1

Guidelines to limit the overall criminal history impact of "status points" by assigning zero status points for offenders with six or fewer criminal history points, and one status point for offenders with seven or more criminal history points ("status-point provision").  See Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023);

3. On January 21, 2016, this Court sentenced Mr. Ray to a term of 121 months on Counts 1 through 3, and 24 months on Count 5, to be served consecutively, for a total term of 145 months imprisonment;

4. Mr. Ray's total offense level was 31.  He received 1 criminal history point based on his past criminal convictions and 2 criminal history points pursuant to the former USSG § 4A1.1(d), for a total criminal history score of 3, which placed him in criminal history category II.  The resulting advisory guideline range was 121 to 151 months on Counts 1 through 3, and a mandatory 24 months on Count 5 for Aggravated Identity Theft;

5. The sentencing range applicable to Mr. Ray was subsequently lowered by the status-point provision;

6. Mr. Ray is eligible for a reduction in sentence, which reduces his criminal history score to 1, lowering his criminal history category from II to I, resulting in an amended advisory guideline range on Counts 1 through 3 of 108 to 135 months;

7. Accordingly, the parties request the Court enter the order lodged herewith reducing Mr. Ray's term of imprisonment to a term of 108 months on Counts 1 through 3, and 24 months on Count 5, to be served consecutively to Counts 1 through 3, for a total term of 132 months imprisonment.  If the amount of time served exceeds 132 months, the sentence is instead reduced to a sentence of time served, in which case, the order should be stayed for up to ten (10) days to allow the Bureau of Prisons to perform its statutory duties and release planning.

8. <u>United States' statement regarding its stipulation</u>[2]: Defendant Ray was found guilty, after a jury trial, of one count of Conspiracy to Commit Bank Fraud in violation of 18 U.S.C.§§ 1344 and 1369, two counts of Bank Fraud in violation of 18 U.S.C. § 1344 and one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A.  The United States enters

---

[2] This statement is provided by the United States and is not part of the parties' stipulation.

into this stipulation after reviewing the Presentence Investigation Report, government's sentencing memorandum, the sentencing transcript, Statement of Reasons, Judgment, the defendant's Bureau of Prisons ("BOP") disciplinary history, and after briefly conferring with one of the prosecuting Assistant United States Attorneys.  At sentencing, probation recommended a sentence of 121 months' imprisonment on each of Counts 1 through 3, to be served concurrently, and the mandatory 24 months on Count 5 to be served consecutive to the term imposed on Counts 1 through 3, for a total term of 145 months.  PSR at 18.  In its sentencing memorandum, the government recommended a total sentence of 145 months' imprisonment.  ECF No. 258.  Defendant argued for a sentence of 102 months' imprisonment.  ECF No. 257 at 4.  The defendant has sustained one incident while in BOP custody, possessing an unauthorized item, that occurred on January 25, 2018.  The defendant is currently located at RRM Sacramento, and his projected release date is March 28, 2024.  *See* Bureau of Prisons Inmate Locator available at https://www.bop.gov/inmateloc/ (last viewed Feb. 8, 2024).  The agreed upon reduction will likely result in a time served sentence.

Respectfully submitted,

Dated:  February 12, 2024                             Dated:   February 12, 2024

PHILLIP A. TALBERT                                    HEATHER E. WILLIAMS
United States Attorney                                Federal Defender

 /s/  *Shelley D. Weger*                               /s/ *David M. Porter*
SHELLEY D. WEGER                                      DAVID M. PORTER
Assistant U.S. Attorney                               Assistant Federal Defender

Attorney for Plaintiff                                Attorney for Defendant
UNITED STATES OF AMERICA                              DESHAWN A. RAY

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Ray is entitled to the benefit of Amendment 821, Part A, the new status-point provision, which reduces his criminal history score to 1, and his criminal history category from II to I, resulting in an amended guideline range of 132 to 159 months.

IT IS HEREBY ORDERED that the term of imprisonment imposed in January 2016 is reduced to a term of 108 months on Counts 1 through 3, and 24 months, to be served consecutively, for a total term of 132 months imprisonment. If the amount of time served exceeds 132 months, the sentence is instead reduced to a sentence of time served, in which case, this order is stayed for up to ten (10) days to allow the Bureau of Prisons to perform its statutory duties and release planning.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence, and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Ray shall report to the United States Probation Office within seventy-two hours after his release.

Dated: February 20, 2024

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE